UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL BERNARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5748** |
| **CORNEL H. HUBERT, WARDEN** | **SECTION "C" (4)** |

## ORDER AND REASONS

This matter is before the Court on a petition for writ of habeas corpus by Michael Bernard, seeking relief pursuant to 28 U.S.C. § 2254. The petitioner raises three claims for relief from his August, 2001 conviction of one count of aggravated oral sexual battery and two counts of sexual battery. Upon a thorough review of the trial and appellate records, the habeas petition, response, memoranda, and applicable law, the Court has determined that petitioner's habeas corpus petition is untimely filed. For the reasons set forth below, this petition is DENIED WITH PREJUDICE.

I. BACKGROUND AND PROCEDURAL HISTORY

The petitioner is a prisoner of the state confined to the Elayn Hunt Correctional Center in St. Gabriel, La. Fed. Rec. Doc. 1. He filed this federal application for writ of habeas corpus dated August 17, 2006. *Id*. at 28. Petitioner was found guilty of one count of aggravated oral

sexual battery and two counts of sexual battery in the Criminal District Court for the Parish of Orleans, State of Louisiana, on August 21, 2001.  *See* Docket Sheet, State Supplemental Rec. Vol. 1.  He was originally sentenced, on September 14, 2001, to thirteen years imprisonment on count one and seven years each on counts two and three, the latter to run concurrently with each other and concurrently with the first.  *Id.*; *see also State v. Bernard*, 2002-1644 (La.App.4 Cir. 4/2/03), 844 So.2d 1001, 1002.  After the State filed a multiple offender bill of information relative to count two, the trial court adjudicated the petitioner a second felony offender on November 30, 2001.  *See* Docket Sheet and Transcript, Multiple Bill Hearing, State Supplemental Rec. Vol. 1.  The court vacated petitioner's original sentence as to count one and imposed a thirty year sentence.  *See* Docket Sheet, State Supplemental Rec. Vol. 1; *Bernard*, 844 So.2d at 1002.

Again, petitioner was convicted on August 21, 2001, and originally sentenced on September 14, 2001.  He made a motion for appeal and designation of record the same day.  Docket Sheet, State Supplemental Rec. Vol. 1.  The Court of Appeal of Louisiana, Fourth Circuit, affirmed petitioner's conviction on April 2, 2003.  *Bernard*, 844 So.2d 1001.  Petitioner did not file a subsequent writ to the Louisiana Supreme Court.  Petitioner's conviction and sentence thus became final on May 2, 2003, when the time allowed for filing an application to seek review of a judgment of the Court of Appeal expired.  *See* Louisiana Supreme Court Rule 10, Sec. 5; *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

On September 13, 2004, petitioner filed a writ of mandamus to the Louisiana Fourth Circuit, in which he alleged that he had mailed a "Motion to Correct and [sic] Illegal Sentence"

to the Orleans Parish Criminal District Court on May 14, 2004.  State Rec. Vol. 2.  The Fourth Circuit denied this writ on October 27, 2004, stating that "[t]he record before this court fails to show relator's pleading [sic] were filed in the district court, and he did not provide this court with a copy of his pleadings."  *Id.*  On December 3, 2004, petitioner signed a Motion to Correct an Illegal Sentence and Vacate the Illegal Multiple Offender Bill Sentence which was filed in the district court.  *Id.*  He also filed an application for post conviction relief on March 11, 2005.  State Supplemental Rec. Vol. 1.  On March 13, 2005, petitioner filed a petitioner for writ of mandamus to the Fourth Circuit, requesting action on these filings.  State Rec. Vol. 2.  That court denied writ as to both filings on April 26, 2005.  It stated that "[there is no review of sentencing errors post conviction" and that: "Relator's claims in his application for post-conviction relief have been reviewed.  Relator has failed to demonstrate that he is entitled to relief."  *Id.*  Petitioner's subsequent application for writs to the Louisiana Supreme Court was denied on March 24, 2006.  *Id.*  Petitioner filed the instant petition in this Court, signed August 21, 2006.  Rec. Doc. 1 at 28.

II.  PROCEDURAL REVIEW

  *A. Custody Requirement*

A petitioner must be "in custody" for a federal court to entertain a petition for habeas relief. 28 U.S.C. § 2241(c); 28 U.S.C.§ 2254(a).  Physical incarceration satisfies the custody requirement.  *See e.g., Maleng v. Cook*, 490 U.S. 488, 491, 109 S. Ct. 1923, 1925 (1989).  Here, petitioner is incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana,

pursuant to the conviction he is attacking. Rec. Doc. 1. Accordingly, this condition of the Court's subject matter jurisdiction over petitioner's claim for relief is satisfied.

### *B. Venue*

Under 28 U.S.C.A. § 2241(d), venue lies in the district in which the petitioner is incarcerated or the district from which his conviction or sentence was obtained. Petitioner is incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, which is in Iberville Parish, a parish that falls within the Middle District of Louisiana under 28 U.S.C. § 98(b). However, petitioner was convicted and sentenced in Orleans Parish, which under 28 U.S.C. § 98(a) falls within the Eastern District of Louisiana. Therefore, venue lies for this petition under 28 U.S.C.A § 2241(d).

### *C. Exhaustion*

Petitioner's claims appear to be exhausted as required by AEDPA. Generally, exhaustion of adequate state remedies is a "condition precedent to the invocation of federal judicial relief under [28 U.S.C.§ 2254]." *Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973). To satisfy the exhaustion requirement, the entirety of the factual allegations and legal theories presented to the federal court must have been presented in a procedurally proper manner to the highest state court, here the Louisiana Supreme Court. *See e.g., Anderson v. Harless*, 459 U.S. 4, 6 (1982) (holding a habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Yohey v. Collins*, 985 F.2d 222, 226 (5th Cir. 1993); *Rose v. Lundry*, 455 U.S. 509 (1982). It is important to note that the issues in a habeas petition could have been presented to the highest state court on

direct appeal, or in a state post-conviction proceeding; either is sufficient and both are not required. *Brown v. Allen*, 344 U.S. 443, 447 (1953); *Myers v. Collins*, 919 F.2d 1074, 1075-77 (5th Cir. 1990). The requirement of exhaustion is now codified by 28 U.S.C.§ 2254(b)(1), which provides, *inter alia*, that habeas relief "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." The other statutory provisions providing exceptions to the exhaustion rule are inapplicable here.

Petitioner presents three claims for review in his federal habeas petition. These claims were raised in his application for post-conviction relief to the Louisiana Supreme Court. Accordingly, petitioner has satisfied AEDPA's exhaustion requirement.

### D. Timeliness

The state submits that the petition is untimely, and after reviewing the record the Court agrees. The Anti-terrorism and Effective Death Penalty Act of 1996[1] (AEDPA) requires that a habeas petitioner bring his or her 28 U.S.C.§ 2254 action within one year of the date on which his or her conviction or sentence becomes final.[2] AEDPA's one-year statute of limitations is

---

[1] Pub. L. 104-132, Apr. 24, 1996, 110 Stat. 1214.

[2] 28 U.S.C.§ 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review

tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C.§ 2254(d)(2); *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998). "A properly filed application is one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing." *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999) (*quoting Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd Cir. 1998) (internal quotations omitted); *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000). Finally, out of an abundance of caution, this Court construes any tolling ambiguities in favor of a petitioner. *See, e.g., Navarre v. Stalder,* 2007 WL 1702774, *5 (E.D.La. 2007).

"[F]inality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *see also, Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (reaching the same conclusion regarding "finality."). Additionally, a petitioner has ninety days to file a writ of certiorari in the United States Supreme Court after a decision is rendered by the state's highest court. SUP. CT. R. 13(1).

Here, however, petitioner failed to file a subsequent writ to the Louisiana Supreme Court after his conviction was affirmed on appeal by the Louisiana Fourth Circuit on April 2, 2003. Thus his conviction became final on May 2, 2003, when the time allowed for filing an application to seek review of the judgment of the Court of Appeal expired. *See* Louisiana

---

with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Supreme Court Rule 10, Sec. 5; *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, petitioner was required under AEDPA to file any federal habeas petition within one year, or by May 2, 2004.

The petitioner alleges that he filed a motion to correct an illegal sentence in the district court on May 14, 2004. While the state argues that this alleged filing was not "state post-conviction proceedings" and were not properly filed, Rec. Doc. 7 at 4, such that the subsequent period should not be tolled, even if the Court were to determine that these alleged filings did properly initiate state post-conviction relief proceedings, his AEDPA statute of limitations period had expired 12 days earlier. An additional 150 days elapsed between the time the Louisiana Supreme Court denied his application for writs from denial of post-conviction relief on March 24, 2006, and the date he signed his instant federal petition, August 21, 2006. This Court need not determine whether the tolling of time during his post-conviction proceedings should begin on May 14, 2004, December 3, 2004 (when he indisputably filed a Motion to Correct an Illegal Sentence and Vacate the Illegal Multiple Offender Bill Sentence in the district court), or March 11, 2005 (when he signed an application for post-conviction relief filed in the district court), because petitioner's federal petition was filed at least 527 days after his conviction became final, well over the 365 days allowed.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Michael Bernard's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is untimely, having exceeded the statute of

limitations by a significant period of time, even when construing any tolling ambiguities in favor of the petitioner. It is therefore not necessary to consider the merits of the petition.

Accordingly,

IT IS ORDERED that the petition of Michael Bernard be hereby DENIED WITH PREJUDICE. Judgment will be entered accordingly.

New Orleans, Louisiana, this 16th day of January, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE